**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| FREDIS ANTONIO HERNANDEZ, *on behalf of himself and all similarly situated individuals,*<br><br>Plaintiff,<br><br>v.<br><br>DYCK-O'NEAL, INC.,<br><br>Defendant. | Civil Action No. 1:23-cv-1029-AJT-IDD |

## **FINAL APPROVAL ORDER**

This matter comes before the Court on Plaintiff's Motion for Final Approval of the proposed class action settlement with Defendant Dyck-O'Neal, Inc. ("Defendant"). Having considered all papers filed and arguments made with respect to the Settlement, and having provisionally certified a Settlement Class, the Court hereby FINDS that:

1. On August 28, 2024, the Court held a Final Approval Hearing, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement.

2. Certification for settlement purposes of the Settlement Class, as defined by the Settlement Agreement and the Preliminary Approval Order, is appropriate pursuant to Rule 23(a), and (b) of the Federal Rules of Civil Procedure.

3. Notice to the Settlement Class required by Fed. R. Civ. P. 23(e) has been provided in accordance with the Settlement Agreement and the Preliminary Approval Order. Such Notice has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies Fed. R. Civ. P. 23(e) and due process.

4. Defendant has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed Defendant's notice of compliance and finds that Defendant's notice complies with the application requirements of CAFA.

5. The Settlement Agreement was arrived at as a result of arms' length negotiations conducted in good faith by counsel for the Parties, and is supported by the Parties.

6. The Settlement, as set forth in the Settlement Agreement, is fair, reasonable, and adequate to the members of the Settlement Class, in light of the complexity, expense, and duration of litigation, and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

7. The relief provided in the settlement constitutes fair value given in exchange for the release of claims. The Settlement provides for cash payments to the Settlement Class Members in addition to the cancellation of approximately $10,893,696 in debt and the reallocation of approximately $426,818 in interest already collected from Class Members to their principal balances.

8. The list of individuals attached as Exhibit D to the Settlement Administrator's Declaration filed at ECF No. 75 are determined to have validly excluded themselves from the Settlement Class in accordance with the provisions of the settlement and the Preliminary Approval Order.

9. There were no timely objections to Settlement.

10. The Parties and each Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

11.     It is in the best interests of the Parties and the Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party, which in any way relates to the applicability or scope of the Settlement Agreement or the Final Approval Order, should be presented exclusively to this Court for resolution.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

12.     This action is a class action against Defendant Dyck-O'Neal, Inc. on behalf of a class of consumers that has been defined as follows:

> All consumers: (1) with a non-performing mortgage loan owned by Defendant as of January 1, 2024; (2) to whom Defendant caused written correspondence to be sent in the one year predating the filing of the lawsuit; (3) that contained a demand for payment that included a late fee or interest assessed by Defendant for time periods when the consumer did not receive monthly statements.

The Settlement Class does not include Defendant's officers, directors, and employees; Defendant's attorneys; Plaintiff's attorneys; any Judge overseeing or considering the approval of the Settlement, together with members of their immediate family and any judicial staff, and those who validly excluded themselves from the Settlement Class as noted above.

13.     The Settlement Agreement submitted by the Parties for the Settlement Class is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement shall therefore be deemed incorporated herein and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

14.     This action is hereby dismissed on the merits, with prejudice and without costs.

15. As agreed by the Parties in the Settlement Agreement, upon the Effective Date, the Released Parties shall be released and discharged in accordance with the Settlement Agreement.

16. Each Settlement Class Member is permanently barred and enjoined from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Released Claims against the Released Parties.

17. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this Settlement, including the administration and consummation of the Settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each Settlement Class Member for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all members of the Settlement Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

18. Upon consideration of Class Counsel's application for fees and costs, the Court awards $150,000 as reasonable attorneys' fees and reimbursement for reasonable out-of-pocket expenses, to be paid by Defendant Dyck-O'Neal, Inc.

19. Upon consideration of the application for an individual service award, Named Plaintiff Fredis Antonio Hernandez is awarded the sum of $5,000 to be paid by Defendant, in consideration for the service he has performed for and on behalf of the Settlement Class.

20. The Settlement Administrator is approved for reimbursement of its out-of-pocket expenses in the administration of the settlement, to be paid by Defendant.

21. The Parties' distribution plan of payments to the Settlement Class Members, in *pro rata* allocations of the Statutory Damages Amount is approved for implementation. Should funds remain after all distributions are made, and the check negotiation period provided for in the Settlement Agreement has passed, the Parties' chosen *cy pres*, Virginia Poverty Law Center, is approved for receiving such balance.

22. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

The Clerk is directed to forward a copy of this Order to all counsel of record.

Alexandria, Virginia
August 28, 2024

_____
Anthony J. Trenga
Senior United States District Judge